# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ROBERT AVERY                                                                PLAINTIFF
ADC #652373

V.                          No. 4:21-CV-1200-JM-JTR

JANICE SUTTON,
Sergeant, Wrightsville                                                      DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On December 13, 2021, Plaintiff Robert Avery ("Avery"), an inmate in the Wrightsville Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging six ADC officials violated his constitutional rights. *Doc. 2*. He filed an Amended Complaint on May 16, 2022. *Doc. 11*.

After screening,[1] Avery was allowed to proceed with a single retaliation claim against Defendant Janice Sutton, based on allegations that she filed false disciplinary charges against him in retaliation for a grievance he filed against her. *Docs. 6, 12, 18, 21*. However, all other claims and defendants were dismissed, without prejudice, because Avery failed to state a claim upon which relief could be granted. *Doc. 21*.

Defendant Sutton has filed a Motion for Judgment on the Pleadings and Brief in Support, arguing that Avery's retaliation claim should be dismissed, as a matter of law. *Docs. 28, 29*. Avery has filed a Response. *Doc. 35*. Thus, the Motion is joined and ready for disposition.

## II. Discussion

### A. Factual Allegations

When addressing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court applies the same standard used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). When reviewing a Rule 12(b)(6) motion, the court must assume the truth of the factual assertions made in the plaintiff's pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that his plausible on its face." *Id.*, at 570. The Court may consider the exhibits attached to the Complaint

---

[1] *See* 28 U.S.C. § 1915A.

*and* pertinent documents Avery failed to attach to the Complaint—such as the disciplinary report that Sutton attached to her Amended Answer (*Doc. 26 at 6–8*). *LeMay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021)*;* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1371 (3d ed. 2004).

Accordingly, the Court assumes that following facts in deciding Defendant Sutton's Motion for Judgment on the Pleadings:

1. On the morning of October 6, 2020, Sutton was assigned to supervise inmates eating breakfast in the chow hall. *Doc. 26 at 6*.

2. When a group of inmates, including Avery and Jerry Hickman ("Hickman"), asked Sutton for milk, she called them "motherfuckers." *Doc. 2 at 11*.

3. Hickman told Sutton to "calm down" and "have a blessed day." *Id.*

4. Sutton responded that she "always has a blessed day," and Avery began laughing. *Id.*

5. Sutton asked Avery, "What Avery? What the fuck do you gotta say?" *Id.*

6. Avery responded "Mine would involve a telephone pole. So I'll stay quiet." *Id.*

7. That afternoon, Avery filed a grievance against Sutton because she had "been verbally abusive, threatening, telling everyone in the chow hall that Avery was 'nasty' and 'bad.'" *Doc. 2 at 11*.

8. The next day, October 7, Sutton filed an incident report and disciplinary report against Avery, charging him with two rule violations: "02-17, Creating Unnecessary Noise" and "11-1, Insolence to a Staff Member." *Doc. 26 at 6*.

9. Sutton's incident report stated:

> On 10-06-20 at approx. 5:45 a.m. I Sgt Sutton was supervising Male breakfast chow zone 2. Inmate Jerry Hickman #164982 said Sgt Sutton have a blessed day. I said I will. Then out of nowhere Inmate Robert Avery #652373 joins into the conversation without anyone talking to him. He Stated in a loud disrespectful tone "I am not going to say have a blessed day, I hope a telephone pole hit her." I ask Inmate Avery why you would say something like that to me. He didn't reply. I said, I am going to tell Scott Mclean on you. Inmate Avery then got mad and stated "I going to tell what you said in the boiler room." I Sgt Sutton said I do not go inside the boiler room with no inmates nor do I do a lot of talking to inmates. So therefore I am charging Inmate Avery with rule violations 2-17-11-1.

*Doc. 26 at 6*.

10. Avery was notified of the disciplinary charges on October 9, and a disciplinary hearing was held on October 12. *Doc. 26 at 7–8*.

11. At the October 12 disciplinary hearing, Avery pleaded not guilty to each charge and submitted the following statement:

> This disciplinary was written in retaliation[.] I wrote a grievance on [Sutton] for cussing us out and she wrote the disciplinary. The officer asked him what was he grinning about and I told her that my [sic] involved a telephone pole and I wasn't gonna say anything.

*Doc. 26 at 7*.

12. Disciplinary Officer Janice Blake accepted Sutton's report and found Avery guilty of both disciplinary charges. *Doc. 26 at 7–8*.

13. On appeal, the guilty verdict for "Creating Unnecessary Noise" was dismissed, but the guilty verdict for "Insolence to a Staff Member" was upheld. *Doc. 26 at 8*.

### B. Avery Has Failed to State a Viable Retaliation Claim, and Sutton is Entitled to Judgment on the Pleadings

In her Motion for Judgment on the Pleadings, Sutton argues Avery has failed to state a viable retaliation claim because there was "some evidence" that he committed a rule violation. *Doc. 29 at 7–8* (citing *Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir. 2001)).

The filing of a false disciplinary charge is not itself actionable under § 1983. *Dixon v. Brown,* 38 F.3d 379, 379 (8th Cir. 1994); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989). Only the filing of a false disciplinary charge issued in retaliation for an inmate's exercise of a constitutional right, as alleged here, can be actionable under § 1983. *See Sprouse*, 870 F.2d at 452.

However, as Sutton points outs, a retaliatory discipline claim fails, as a matter of law, if there was "'some evidence' that the inmate actually committed a rule violation." *Moore*, 266 F.3d at 931; *see also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th

5

Cir.1993) (same). Furthermore, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *see also Henderson*, 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, Avery's disciplinary conviction was supported by Defendant Sutton's written report, which the disciplinary hearing and appellate officers found to be credible. Moreover, Avery *admits* that he made a comment to Sutton regarding a telephone pole.

Defendant Sutton's report and Sutton's admitted "telephone pole" comment constitute "some evidence" that Sutton committed "Insolence to a Staff Member." Accordingly, the Court concludes that Avery has failed to state a viable retaliation claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant Sutton's Motion for Judgment on the Pleadings (*Doc. 28*) be GRANTED.

2. Avery's retaliation claim be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

3. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis appeal* from any Order adopting this Recommendation would not be taken in good faith.

5. Judgment be entered accordingly.

DATED this 22nd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE